**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TITAN NUTRITION, LLC d/b/A DRIVEN NUTRITION,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. _____ |
| **DRIVEN PERFORMANCE LABS, LP,** | ) ) | JURY TRIAL DEMANDED |
| **JPF CONSULTING, LLC,** | ) ) | |
| **DYNOMIKE HOLDINGS LTD.,** | ) ) | |
| **JASON PHILLIPS,** | ) ) | |
| **MIKE KESTHELY,** | ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Titan Nutrition, LLC d/b/a Driven Nutrition, for its Complaint against Defendants Driven Performance Labs, LP, JPF Consulting, LLC, Dynomike Holdings Ltd., Jason Phillips and Mike Kesthely (collectively, the "Defendants"), states as follows:

## INTRODUCTION

1.      This is an action for, inter alia, relief for trademark infringement under the Lanham Act, namely 15 U.S.C. §1125, and under Missouri law.

## PARTIES

2.      Plaintiff, Titan Nutrition, LLC d/b/a Driven Nutrition ("Driven Nutrition"), is a Missouri limited liability company, with its principal place of business located at 621 West Plainview Road, Springfield, Missouri 65810.

WA 7982378.6

3.      On information and belief, Defendant Driven Performance Labs, LP ("DPL"), is a Nevada limited partnership, with its principal place of business located at 300 East 2nd Street, #1510, Reno, Nevada 89501.

4.      On information and belief, Defendant JPF Consulting, LLC ("JPF"), is a Nevada limited partnership, with its principal place of business located at 4569 East Pinnacle Vista Drive, Cave Creek, Arizona 85331, and JPF is a general partner of DPL.

5.      On information and belief, Defendant Dynomike Holdings Ltd. ("Dynomike"), is a Nevada limited partnership, with its principal place of business located at 533 Sunridge Cr West, Lethbridge, Alberta, Canada T1J0T1, and Dynomike is a general partner of DPL.

6.      On information and belief, Defendant Jason Phillips, is an individual, residing in 4569 East Pinnacle Vista Drive, Cave Creek, Arizona 85331.

7.      On information and belief, Defendant Mike Kesthely, is an individual, residing in 533 Sunridge Cr West, Lethbridge, Alberta Canada T1J0T1.

### JURISDICTION AND VENUE

8.      This Court has jurisdiction over Driven Nutrition's federal claims under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, in that this case arises under the Trademark Laws of the United States, 15 U.S.C.A. §§ 1051 *et seq*.

9.      This Court has jurisdiction over Driven Nutrition's state law claims under 28 U.S.C. § 1367.

10.     Jurisdiction in the Western District of Missouri, Southern Division, is proper over both Driven Nutrition and the Defendants because they transact business in the district, including but not limited the marketing and sale of products in the district, and/or have engaged in activities that subject them to the jurisdiction of this Court.  Specifically, Defendants' market,

WA 7982378.6

promote, advertise, sell and ship dietary and nutritional supplement products and apparel in Springfield, Missouri.

11. Venue in the Western District of Missouri, Southern Division, is proper pursuant to 28 U.S.C. § 1391 because Defendants transact business in the district and the claims arose in the district in that Defendants committed willful trademark infringement within the state of Missouri and a substantial part of the injury is felt in the district.

12. Venue in the Western District of Missouri, Southern Division, is proper because the Western District of Missouri, Southern Division is where Defendants have and continue to market, promote, advertise, sell and ship dietary and nutritional supplement products and apparel.

## ALLEGATIONS COMMON TO ALL COUNTS

### Driven Nutrition

13. Titan Nutrition, LLC was formed as a limited liability company in Missouri on October 19, 2005. In February of 2013, Titan Nutrition acquired all right, title and interest in the trademarks and goodwill associated with DRIVEN NUTRITION in connection with the goods and services marketed thereunder.

14. Driven Nutrition's predecessor in interest first used the trademark DRIVEN NUTRITION in association with the marketing, promotion, advertisement, sale, and shipment of dietary and nutritional supplement products on or about March 26, 2009.

15. Driven Nutrition filed for Federal trademark registration on June 20, 2013. U.S. Trademark Registration Number 4494185 for the trademark DRIVEN NUTRITION for use in connection with dietary and nutritional supplement products (the '185 Registration") was issued to Driven Nutrition on March 11, 2014. A copy of the '185 Registration is attached as Exhibit A.

WA 7982378.6

16.     At least as early as February 18, 2014, Driven Nutrition began using the trademark DRIVEN in association with the marketing, promotion, advertisement, sale and shipment of dietary and nutritional supplement products and apparel.

17.     The DRIVEN NUTRITION and DRIVEN marks are collectively referred to herein as the "Driven Marks").

18.     In addition to its Federal trademark registration for DRIVEN NUTRITION, Driven Nutrition has common law rights to the Driven Marks, including the trademark for DRIVEN.

19.     Since the respective dates of first use by Driven Nutrition of the Driven Marks, the Driven Marks have been extensively and continuously used in connection with the advertisement and promotion of dietary and nutritional supplement products and apparel by Driven Nutrition within the United States.  Substantial amounts of time, effort, and money have been expended over the years to ensure that the consuming public associates the Driven Marks exclusively with Driven Nutrition.  Driven Nutrition has expended thousands of dollars to market and advertise its products under the Driven Marks.

20.     As a result of the care and skill exercised by Driven Nutrition in the sale of its products to consumers, the close supervision and control exercised by Driven Nutrition over the nature and quality of the products offered under the Driven Marks, and extensive advertising, sale, and public acceptance thereof, the Driven Marks have acquired immense goodwill throughout the United States and within this judicial district.  As a result of its reputation for excellence, Driven Nutrition enjoys a substantial demand for its products.

## DPL

21.     On information and belief, Defendant DPL operates under the assumed name Driven Performance Labs in the State of Florida and elsewhere, including the State of Missouri.

WA 7982378.6

22. On information and belief, Defendant DPL also operates under the assumed name Driven in the State of Florida and elsewhere, including the State of Missouri.

23. Through its website and social media, Defendants offer for sale dietary and nutritional supplement products and apparel in various states of the United States, including the state of Missouri, in connection with the name DRIVEN PERFORMANCE LABS, DRIVEN NUTRITION and DRIVEN. An example of DPL's use of DRIVEN PERFORMANCE LABS, DRIVEN NUTRITION AND DRIVEN is shown in attached Exhibit B.

JPF / DYNOMIKE

24. On information and belief, Defendants JPF and Dynomike are the general partners of Defendant DPL and, in such capacity, Defendants JPF and Dynomike are liable for the actions of Defendant DPL set forth herein.

PHILLIPS / KESTHELY

25. On or about November 11, 2015, Defendants Phillips and Kesthely filed an application for Federal trademark registration for the mark DRIVEN PERFORMANCE LABS, for use, in part, with "dietary and nutritional supplements".

**COUNT I**

(Trademark Infringement under Section 43(a) of the Lanham Act)

26. The allegations set forth in the paragraphs above are incorporated herein by reference as though fully set forth herein.

27. Driven Nutrition's predecessor in interest began using the trademark DRIVEN NUTRITION in March of 2009 and Driven Nutrition began using the trademark DRIVEN in February of 2014 in association with the sale of dietary and nutritional supplement products and apparel in interstate commerce throughout the United States. Defendants began using the terms DRIVEN PERFORMANCE LABS and DRIVEN in January of 2016 in connection with the sale

WA 7982378.6

of dietary and nutritional supplement products and apparel in interstate commerce throughout the United States.  Therefore, Driven Nutrition has priority of use of in their Driven Marks.

28.    The Driven Marks have been used by Driven Nutrition continuously in commerce since the date of first use in connection with the marketing of its products, and Driven Nutrition promoted the Driven Marks in interstate commerce, including within the state of Missouri, in the advertisement, promotion, and sale of dietary and nutritional supplement products and apparel.

29.    The wrongful and unauthorized use by Defendants of words and symbols confusingly similar to the Driven Marks, including but not limited to the words DRIVEN PERFORMANCE LABS and DRIVEN, are likely to cause confusion, mistake, or deception as to the source of Driven Nutrition's products and/or sponsorship or authorization of Driven Nutrition's products.  Such actions constitute trademark infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

30.    Specifically, the wrongful and unauthorized use by Defendants of words and symbols confusingly similar to the Driven Marks, including but not limited to the words DRIVEN PERFORMANCE LABS and DRIVEN, have caused confusion, mistake, and deception within the marketplace as evidenced by the Instagram social media pages attached hereto as Exhibit C.

31.    Driven Nutrition has not consented and does not consent to Defendants' use of any trademarks confusingly similar to the Driven Marks, including but not limited to the words DRIVEN PERFORMANCE LABS and DRIVEN.  Defendants' use infringes on Driven Nutrition's rights and trades unfairly upon the goodwill of Driven Nutrition, as represented and symbolized by the Driven Marks.

6

WA 7982378.6

32.     Defendants' unlawful conduct described above creates, and, unless enjoined by the Court, will continue to cause confusion and mistake in the marketplace as to the source, endorsement, or sponsorship of Defendants' products, and the relationship or affiliation between Defendants and Driven Nutrition.

33.     The goodwill and reputation of Driven Nutrition's business in connection with the Driven Marks are of significant value, and Driven Nutrition will suffer irreparable injury should this Court allow Defendants' infringement to continue to the detriment of Driven Nutrition's trade reputation and goodwill.

34.     Driven Nutrition has been, and continues to be, irreparably damaged by Defendants' violation of this statute, and Driven Nutrition has no adequate remedy at law. Unless this Court enters an order requiring Defendants immediately and permanently to cease and desist their unlawful use of DRIVEN PERFORMANCE LABS and DRIVEN, the violation will continue to cause injury to Driven Nutrition and the public.

## COUNT II

(Unfair Competition Under Section 43(a) of the Lanham Act)

35.     The allegations set forth in the paragraphs above are incorporated herein by reference as though fully set forth herein.

36.     Driven Nutrition's predecessor in interest began using the trademark DRIVEN NUTRITION in March of 2009 and Driven Nutrition began using the trademark DRIVEN in February of 2014 in interstate commerce in association with the sale of dietary and nutritional supplement products and apparel.   Defendants began using the terms DRIVEN PERFORMANCE LABS and DRIVEN in January of 2016.  Therefore, Driven Nutrition has priority of use of in their Driven Marks.

7

WA 7982378.6

37. After learning that Defendants were using the terms DRIVEN PERFORMANCE LABS and DRIVEN, Driven Nutrition notified Defendants by sending written correspondence to Defendant DPL on January 13, 2016, and continuously thereafter, requiring that Defendant DPL immediately and permanently cease and desist all use of DRIVEN PERFORMANCE LABS and DRIVEN and stating that Defendant DPL's use of DRIVEN PERFORMANCE LABS and DRIVEN was unauthorized and violated federal and state trademark infringement and unfair competition laws.

38. Although notified repeatedly that their continued unauthorized use of DRIVEN PERFORMANCE LABS and DRIVEN constitutes actionable trademark infringement, false designation of origin, and unfair competition, Defendant DPL continues to use DRIVEN PERFORMANCE LABS and DRIVEN in their commercial activities.

39. It is likely that Defendant DPL's use of DRIVEN PERFORMANCE LABS and DRIVEN have caused, and causes, confusion among members of the public as to whether Defendants are authorized, sponsored, provided, or endorsed by, or affiliated with, Driven Nutrition.

40. Defendants' conduct irreparably injures Driven Nutrition because Driven Nutrition has no control over the nature and the quality of goods and services that are being sold and advertised by Defendants.

41. The wrongful and unauthorized use by Defendants of words and symbols confusingly similar to the Driven Marks is likely to cause confusion or mistake or deception as to the source of Defendants' products and/or sponsorship or authorization of Defendants' products.

42. Defendants knew or should have known that its use of trademarks similar to the Driven Marks was likely to damage Driven Nutrition.

WA 7982378.6

43. Defendants have infringed the Driven Marks, and have engaged in unfair competition.

44. Defendants' marketing material using "Driven Performance Labs" and "Driven" are likely to influence the purchasing decision of the intended audience.

45. Defendants' aforesaid actions constitute unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

46. As a proximate result of Defendants' acts as alleged herein, Driven Nutrition has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, for which Driven Nutrition is entitled to relief.

47. Driven Nutrition has been, and continues to be, irreparably damaged by Defendants' violation of this statute, and Driven Nutrition has no adequate remedy at law. Unless this Court enters an order requiring Defendants immediately and permanently to cease and desist their unlawful use of DRIVEN PERFORMANCE LABS and DRIVEN, the violation will continue to cause injury to Driven Nutrition and the public.

## COUNT III

(Cancellation of U.S. Trademark Application No. 86816548)

48. The allegations set forth in the paragraphs above are incorporated herein by reference as though fully set forth herein.

49. Driven Nutrition's predecessor in interest began using the trademark DRIVEN NUTRITION in March of 2009 and Driven Nutrition began using the trademark DRIVEN in February of 2014 in interstate commerce in association with the sale of dietary and nutritional supplement products and apparel. Defendants began using the term DRIVEN PERFORMANCE LABS and DRIVEN in January of 2016. Therefore, Driven Nutrition has priority of use of in their Driven Marks.

WA 7982378.6

50.     This is a claim for cancellation of a trademark application under 15 U.S.C. § 1119.

51.     The wrongful and unauthorized use by Defendants of words and symbols confusingly similar to the Driven Marks, including but not limited to the words DRIVEN PERFORMANCE LABS and DRIVEN in connection with dietary and nutritional supplements, are likely to cause confusion, mistake, or deception as to the source of Defendants' products and/or sponsorship or authorization of Defendants' products.

52.     Defendants' use of the term DRIVEN PERFORMANCE LABS and DRIVEN when used in connection with the sale of dietary and nutritional supplement products and apparel so resembles Driven Nutrition's Driven Marks as to cause confusion, or to cause mistake, or deceive pursuant to 15 U.S.C. § 1052(d).

53.     Driven Nutrition is likely to be damaged if Defendant Kesthely's and Phillips' Trademark Application No. 868165548 for DRIVEN PERFORMANCE LABS for use in connection with dietary and nutritional supplements is registered on the principal register.

54.     For each and every one of the reasons set forth above, the U.S. Patent and Trademark Office should not permit a registration to issue for use of the term Driven Performance Labs in connection with the sale of dietary and nutritional supplement products and apparel.

55.     The term Driven Performance Labs when used in connection with dietary and nutritional supplement products and apparel so resembles Driven Nutrition's Driven Marks as to cause confusion, or to cause mistake, or deceive pursuant to 15 U.S.C. § 1052(d).

56.     Driven Nutrition is likely to be damaged by the registration of Defendant Kesthely's and Phillips' Driven Performance Labs U.S. Trademark Application No. 868165548

WA 7982378.6

for DRIVEN PERFORMANCE LABS in view of Driven Nutrition's prior use of the Driven Marks for dietary and nutritional supplement products and apparel.

57.     For each and every one of the reasons set forth above, the U.S. Patent and Trademark Office should not permit a registration to issue for use of DRIVEN PERFORMANCE LABS in connection with dietary and nutritional supplement products and apparel.

**COUNT IV**

(Trademark Infringement under Missouri Common Law)

58.     The allegations set forth in the paragraphs above are incorporated herein by reference as though fully set forth herein.

59.     Driven Nutrition's predecessor in interest began using the trademark DRIVEN NUTRITION in March of 2009 and Driven Nutrition began using the trademark DRIVEN in February of 2014 in interstate commerce in association with the sale of dietary and nutritional supplement products and apparel.  Defendants began using the term DRIVEN PERFORMANCE LABS and DRIVEN in January of 2016.  Therefore, Driven Nutrition has priority of use of in their Driven Marks.

60.     Driven Nutrition is the owner of common law rights in and to the Driven Marks, for use in association with dietary and nutritional supplement products and apparel.

61.     Defendants have adopted and used the trademarks DRIVEN PERFORMANCE LABS and DRIVEN, in connection with dietary and nutritional supplement products and apparel in the conduct of trade and commerce throughout the United States and within the state of Missouri.

WA 7982378.6

62. The wrongful and unauthorized use by Defendants of words and symbols confusingly similar to the Driven Marks is likely to cause confusion or mistake or deception as to the source of Defendants products and/or sponsorship or authorization of Defendants' products.

63. Defendants' conduct constitutes trademark infringement and unfair competition in violation of Missouri common law principles protecting trademarks, and such conduct is likely to continue to cause confusion, mistake, and deception, and is likely to mislead consumers and potential consumers into believing that Defendants' products are affiliated with, or otherwise sponsored, authorized, approved, or sanctioned by Driven Nutrition.

64. On information and belief, Defendants' conduct is willful, malicious, or otherwise in bad faith, in order to capitalize on the reputation and goodwill Driven Nutrition has established.

65. Driven Nutrition has been, and continues to be, irreparably damaged by Defendants' violation of this statute, and Driven Nutrition has no adequate remedy at law. Unless this Court enters an order requiring Defendants immediately and permanently to cease and desist their unlawful use of DRIVEN PERFORMANCE LABS and DRIVEN, the violation will continue to cause injury to Driven Nutrition and the public.

## COUNT V

(Unfair Competition under Missouri Common Law)

66. The allegations set forth in the paragraphs above are incorporated herein by reference as though fully set forth herein.

67. Driven Nutrition's predecessor in interest began using the trademark DRIVEN NUTRITION in March of 2009 and Driven Nutrition began using the trademark DRIVEN in February of 2014 in interstate commerce in connection with the sale of dietary and nutritional supplement products and apparel. Defendants began using the term DRIVEN PERFORMANCE

WA 7982378.6

LABS and DRIVEN in January of 2016.  Therefore, Driven Nutrition has priority of use of in their Driven Marks.

68.     The conduct of Defendants as described above constitutes unfair competition under the laws of the State of Missouri.

69.     On information and belief, Defendants' conduct is willful, malicious, or otherwise in bad faith, in order to capitalize on the reputation and goodwill Driven Nutrition has established.

70.     By reason of Defendants' unlawful acts and practices of unfair competition, Driven Nutrition has suffered and will continue to suffer damage to its business, reputation, and goodwill; and loss of sales and profits which would have been made but for Defendants' acts, while Defendants are profiting at Driven Nutrition's expense.

## PRAYER FOR RELIEF

WHEREFORE, Driven Nutrition prays for an order and judgment against DPL on each count herein as follows:

1.     For a preliminary and permanent injunction, pursuant to 15 U.S.C. § 1116:

a.     Enjoining Defendants from engaging in any acts or activities directly or indirectly calculated to trade upon the reputation and goodwill of Driven Nutrition;

b.     Enjoining Defendants from using the Driven Marks in the identification of their products, including but not limited to DRIVEN PERFORMANCE LABS and DRIVEN, or in the advertising, marketing, sales, or other promotion of their products; and

c.     Enjoining Defendants from any trademark infringement or unfair competition with Driven Nutrition in any manner whatsoever, and requiring de-identification by Defendants of any and all Driven Marks, including but not limited to DRIVEN PERFORMANCE LABS and DRIVEN.

13

WA 7982378.6

2.      For an order requiring Defendants, pursuant to 15 U.S.C. § 1116, to file with this Court and serve upon Driven Nutrition within 30 days after the entry of the injunction, a writing under oath setting forth in detail the manner and form in which they have complied with the injunction.

3.      For an order deeming this case exceptional pursuant to 15 U.S.C. § 1117 and awarding Driven Nutrition treble damages, all costs, and attorney's fees.

4.      For an award to Driven Nutrition of its actual damages and all profits of Defendants attributable to Defendants' infringement of the Driven Marks.

5.      For an order requiring Defendants to undertake corrective advertising acceptable to Driven Nutrition and to the Court, notifying the trade and public that Defendants' products are not rendered by, sponsored by, or affiliated with Driven Nutrition.

6.      Pursuant to 15 U.S.C. § 1119, cancelation in whole U.S. Trademark Application No. 868165548.

7.      For such other and future relief as this Court may deem just.

<u>**DEMAND FOR JURY TRIAL**</u>

Driven Nutrition respectfully demands a trial by jury on all claims and issues so triable.

*Respectfully submitted,*

/s/     *Jason C. Smith*

| Jason C. Smith | Mo. Bar No. 57657 |
| Derek A. Ankrom | Mo. Bar No. 63689 |

**SPENCER FANE LLP**
2144 E. Republic Road, Ste. B300
Springfield, Missouri 65804
Telephone: 417-888-1000
Facsimile:  417-881-8035
jcsmith@spencerfane.com
dankrom@spencerfane.com
*Attorneys for Plaintiff Titan Nutrition, LLC d/b/a*
*Driven Nutrition*

WA 7982378.6